Birchard, J.
One question only is presented by the second and third assignments.
Can a party who has aided the circulation of negotiable paper, by giving currency to it as indorser, be admitted as a witness to impeach it, for facts accruing before or at the time he becamo a party ?
This question has been decided differently by-the courts of the different states of this Union, and in the courts of king’s bench. Grecnl. Ev. 453, 454. So far as is known, the'rule, as established in Walton v. Shelley, 1 Term, 296, has been uniformly followed in this state. It is, as we conceive, a rule of sound policy, tending to secure confidence in commercial transactions, and one that should not, for slight causes, be departed from. Rules governing commercial transactions should remain settled and uniform among a people so much inclined and so often compelled to engage in traffic and to deal in bills of exchange as are the people of the 488] United States. ^Notwithstanding tho old rule of Lord Mansfield has been disregarded in some of the state courts, and shaken by more recent English decisions, it has been steadily ad *489 hered to by the Supreme Court of the United States (Henderson v. Anderson, 3 Howard, 81), and reaffirmed upon full argument within the last year. It is a rule of commercial law, is incorporated into the system, and affects alike all parts of the Union Had the course of decision in this court been heretofore uniformly in conformity to the more recent English decisions, we should not hesitate to change our course upon the authority of the Supreme Court of the United States. The necessity of uniformity in matters of this nature would be a sufficient justification. It would certainly present a case very much to the discredit of the law were a citizen of a sister state to sue one party to a bill, and recover, in the circuit court, because the learned judge who presides there ruled out the evidence of an indorser; and a citizen of Ohio, suing upon the same bill in this court, should fail because the testimony of the indorser was let in ; yet badly as this supposed case might appear, it would frequently occur in substance. Should this rule of evidence be changed, the doctrine established by the United States court should be binding throughout the Union upon such a question. The state courts ought to follow it, because it is founded in reason, and for the sake of uniformity.
The remaining error assigned is, that the court permitted the drafts and protest to be received in evidence, when they ought to have been excluded.
It is not sufficient cause for rejecting evidence that, of itself, unsupported by other evidence, it fails to sustain the cause of action. If it tends to prove th.e issue, it must be admitted. The bill and protest certainly looked that way.
Under this assignment, the question of its sufficiency has been argued; but it is not presented, and therefore need not be further noticed. Judgment affirmed.